### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| STUDENT A, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>GEORGETOWN UNIVERSITY,<br><br>              Defendant. | Civil Action No. 20-cv-05937<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, Student A ("Plaintiff"), brings this action individually and on behalf of all others similarly situated against Defendant Georgetown University ("Georgetown" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of counsel and based upon information and belief, except as to the allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

### NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.      This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at Georgetown, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or facilities for which their fees were paid, without having their tuition and fees refunded to them.

2.      Georgetown is a private research university in Washington D.C., with a total enrollment of approximately 19,000 students. Georgetown offers more than 40 undergraduate majors, as well as a number of graduate programs, including law and business.

3.      On or about March 11, 2020, Georgetown, through a published notice, announced that because of the global COVID-19 pandemic, all in-person classes would be suspended, and

that online classes would begin on March 16, 2020 (the first day after Spring Break).  The university announced that the rest of Spring 2020 semester coursework would be offered solely online.

4.      Georgetown has not held in-person classes since March 6, 2020.  Classes that have continued since then have only been offered in an online format, at times with little or no actual, real-time instruction from professors or instructors.

5.      As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for.  The online learning options being offered to Georgetown students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique, including but not limited to the discontinuance of internships and clinical placements.  The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.  As such, Defendant's educational services have diminished in value significantly compared to the in-person education services that Defendant was providing prior to canceling in-person classes.

6.      Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services that have diminished in value or are not being provided at all.

7.      Through this lawsuit Plaintiff seeks, individually and on behalf of Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the

amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiff seeks a return of these amounts individually and on behalf of the Class as defined below.

## PARTIES

8.      Plaintiff Student A is a citizen of the United States, and a citizen of the State of New Jersey.  Plaintiff is a Georgetown law student who paid tuition for the Spring 2020 semester.  Plaintiff paid approximately $32,274 in tuition and fees to Defendant for Spring Semester 2020.  Plaintiff has not received a refund for any portion of the Spring Semester 2020 tuition, or for the student fees paid, despite that in-person classes have not been held since March 6, 2020 and the campus has been effectively shut down.  Since classes have switched to online format, Plaintiff has not received the benefit of in-person instruction, meaningful student presentations, peer collaboration, or equivalent access to university faculty, facilities and services.  None of these resources are available to Plaintiff while in-person classes have been suspended through the end of the Spring Semester.

9.      Plaintiff proceeds as Student A due to a reasonable fear of retaliation and harassment from Georgetown and its supporters, for proceeding with this claim.

10.     Defendant Georgetown University is a private research university in Washington, D.C., with its principal place of business at 3700 O Street NW, Washington, D.C. 20057.

## JURISDICTION AND VENUE

11.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of

interest and costs.

12.     This Court has personal jurisdiction over Defendant because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant conducts substantial business in this District and has sufficient minimum contacts with New Jersey. Defendant has solicited students residing in New Jersey to attend its institution; has accepted money, including application fees, tuition, and other fees from students residing in New Jersey, has websites accessible to students in New Jersey, has entered into contracts with New Jersey residents, and generally has minimum contacts in New Jersey sufficient to satisfy the Due Process Clauses of the New Jersey and United States Constitutions.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, and because Plaintiff is a resident of this District.

### FACTUAL ALLEGATIONS

***Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020***

14.     Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring Semester 2020 at Georgetown.

15.     Spring Semester 2020 classes at Georgetown began on or about January 13, 2020, and they ended on or about April 28, 2020.  Final exams for the semester concluded on or about May 12, 2020.

16.     Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020, as well as associated fees and costs.

17.     Examples of approximate tuition and mandatory fees costs at Georgetown for the Spring Semester 2020 are as follows:

- Undergraduate:  $28,692
- Graduate:  $2,214 per credit
- J.D.:  $33,436
- M.D.:  $27,536
- MBA: $30,447

18.     The tuition and fees described above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

***In Response To COVID-19, Georgetown Closed Campuses And Cancelled All In-Person Classes***

19.     On or about March 11, 2020, Georgetown, through a published notice, announced that because of the global COVID-19 pandemic, all in-person classes would be suspended, and that online classes would begin on March 16, 2020 (the first day after Spring Break).  The university announced that the rest of Spring 2020 semester coursework would be offered solely online.

20.     Georgetown has not held in-person classes since March 6, 2020.  Classes that have continued since then have only been offered in an online format, at times with little or no actual, real-time instruction from professors or instructors.

21.     As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for.  Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

22.     Plaintiff and members of the Class enrolled at Georgetown for in-person learning for the Spring 2020 semester.

23.     Defendant markets the Georgetown on-campus experience as a benefit of enrollment on Georgetown's website:

## Academic Life

We live at the intersection of teaching and doing, where learning is more than the transmission of knowledge, it is an act of collaboration and practice. Under the mentorship of our distinguished faculty, you'll go beyond the information to not just learn about your field, but also to learn your field's way of thinking. Through lectures, small group projects, independent studies, office hours, internships and more, you'll leave Georgetown with the intellectual skills of perception, analysis, interpretation and expression.

### A premier legal education with limitless opportunities in the nation's capital

Georgetown Law combines a premier legal education with limitless opportunities for hands-on experience. You will learn from a faculty of renowned scholars and leading practitioners across a wide variety of fields, including international, tax, environmental, and health law. Your classwork will prepare you for the experiential learning that truly sets Georgetown apart — in clinics and externships that allow you to make an impact, while building your resume in the city where laws are made, Washington, D.C.

As one of the largest U.S. law schools, with more than 120 full-time professors and an extensive roster of accomplished adjunct professors from across Washington's rich legal landscape, Georgetown Law offers the most comprehensive legal curriculum in the nation. We have all of the resources you need to work toward the career that you imagine, while providing a personalized education. Every staff member and service on our Capitol Hill campus is dedicated to helping our law students excel in the classroom and in their careers.

24.     The online learning options being offered to Georgetown students in place of in-person courses are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.

25.     The remote learning options are in no way the equivalent of the in-person education putative class members contracted and paid for.  The remote education being provided

is not even remotely worth the amount charged class members for Spring Semester 2020 tuition. The tuition and fees for in-person instruction at Georgetown are higher than tuition and fees for online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation; and

- Networking and mentorship opportunities.

26.     Through this lawsuit Plaintiff seeks, individually and on behalf of Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiff seeks return of these amounts individually and on behalf of the Class, as defined below.

## CLASS ALLEGATIONS

27.     Plaintiff seeks to represent a class defined as all people who paid Georgetown Spring Semester 2020 tuition and/or fees for in-person educational services that Georgetown failed to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint

ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

28.     Plaintiff also seeks to represent a subclass consisting of Class members who reside in New Jersey (the "Subclass")

29.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

30.     **Numerosity.**  The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class and Subclass.  Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

31.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

(b)     whether Defendant has provided the services for which Class and Subclass

members contracted;

(c)     whether Class and Subclass members are entitled to a refund for that portion of

the tuition and fees that was contracted for services that Defendant did not

provide;

(d)     whether Defendant has unlawfully converted money from Plaintiff, the Class and

Subclass; and

(e)     whether Defendant is liable to Plaintiff, the Class, and Subclass for unjust

enrichment.

32.     **Typicality.**  Plaintiff's claims are typical of the claims of the other members of

the Class in that, among other things, all Class and Subclass members were similarly situated and

were comparably injured through Defendant's wrongful conduct as set forth herein.  Further,

there are no defenses available to Defendants that are unique to Plaintiff.

33.     **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the

interests of the Class and Subclass.  Plaintiff has retained counsel that is highly experienced in

complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action

on behalf of the Class and Subclass.  Furthermore, Plaintiff has no interests that are antagonistic

to those of the Class or Subclass.

34.     **Superiority.**   A class action is superior to all other available means for the fair

and efficient adjudication of this controversy.  The damages or other financial detriment suffered

by individual Class and Subclass members are relatively small compared to the burden and

expense of individual litigation of their claims against Defendant.  It would, thus, be virtually

impossible for the Class or Subclass on an individual basis, to obtain effective redress for the

wrongs committed against them.  Furthermore, even if Class or Subclass members could afford

10

such individualized litigation, the court system could not.  Individualized litigation would create

the danger of inconsistent or contradictory judgments arising from the same set of facts.

Individualized litigation would also increase the delay and expense to all parties and the court

system from the issues raised by this action.  By contrast, the class action device provides the

benefits of adjudication of these issues in a single proceeding, economies of scale, and

comprehensive supervision by a single court, and presents no unusual management difficulties

under the circumstances.

     35.     In the alternative, the Class and Subclass may also be certified because:

     (a)     the prosecution of separate actions by individual Class and Subclass members

would create a risk of inconsistent or varying adjudications with respect to individual Class

members that would establish incompatible standards of conduct for the Defendant;

     (b)     the prosecution of separate actions by individual Class and Subclass members

would create a risk of adjudications with respect to them that would, as a practical matter, be

dispositive of the interests of other Class members not parties to the adjudications, or

substantially impair or impede their ability to protect their interests; and/or

     (c)     Defendant has acted or refused to act on grounds generally applicable to the Class

as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to

the members of the Class as a whole.

**<u>COUNT I</u>**
**Breach Of Contract**
**(On Behalf Of The Class And Subclass)**

     36.     Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

     37.     Plaintiff brings this claim individually and on behalf of the members of the Class

and Subclass against Defendant.

38.    Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class and Subclass entered into a binding contract with Defendant.

39.    As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiff, Class, and Subclass members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.  Tuition and fees for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition and fee monies paid, Class and Subclass members were entitled to in-person educational facilities and services through the end of the Spring Semester.  But those services have not been provided and/or have diminished in value.

40.    Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above.  Defendant has retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

41.    Plaintiff and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

42.    As a direct and proximate result of Defendant's breach, Plaintiff, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-

rated portion of any Spring Semester 2020 tuition and fees for education services not provided or diminished in value since Georgetown shut down.

43.     Defendant's performance under the contract is not excused due to COVID-19. Indeed, Defendant should have refunded the pro-rated portion of any education services not provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

### COUNT II
### Unjust Enrichment
### (On Behalf Of The Class And Subclass)

44.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

45.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

46.     Plaintiff and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises.  Tuition and fees for Spring Semester 2020 was intended to cover in-person educational services from January through May 2020.  In exchange for tuition and fee monies paid, Class and Subclass members were entitled to in-person educational facilities and services through the end of the Spring Semester.

47.     Defendant voluntarily accepted and retained this benefit by accepting payment.

48.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.  Defendant's services have not been provided and/or have diminished in value.  Accordingly, Defendant should return the pro-rated

13

portion of any Spring Semester 2020 tuition and fees for education services not provided or diminished in value since Georgetown shut down.

49.     It would be unjust and inequitable for Defendant to retain the benefit, and Defendant should be required to disgorge this unjust enrichment.

**COUNT III**
**Conversion**
**(On Behalf Of The Class And Subclass)**

50.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

51.     Plaintiff brings this claim individually and on behalf of the members of the Class and Subclass against Defendant.

52.     Plaintiff and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

53.     Defendant intentionally interfered with the rights of Plaintiff, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

54.     Plaintiff and members of the Class and Subclass demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided or diminished in value since Georgetown shut down.

55.     Defendant's retention of the fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff, Class and Subclass members of the benefits for which the tuition and fees paid.

56.     This interference with the services for which Plaintiff and members of the Class

14

and Subclass paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

57.     Plaintiff, Class and Subclass members are entitled to the return of pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided or diminished in value since Georgetown shut down.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)     For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass;

(b)     For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

(c)     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)     For prejudgment interest on all amounts awarded;

(e)     For an order of restitution and all other forms of equitable monetary relief;

(f)     For injunctive relief as pleaded or as the Court may deem proper; and

(g)     For an order awarding Plaintiff and the Class and Subclass reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: May 15, 2020                    Respectfully submitted,

                                       **BURSOR & FISHER, P.A.**

                                       By:     */s/ Philip L. Fraietta*
                                                   Philip L. Fraietta

                                       Joseph I. Marchese (*pro hac vice* app. forthcoming)
                                       Philip L. Fraietta
                                       888 Seventh Avenue
                                       New York, NY 10019
                                       Telephone: (646) 837-7150
                                       Facsimile: (212) 989-9163
                                       Email: jmarchese@bursor.com
                                               pfraietta@bursor.com

                                       **BURSOR & FISHER, P.A.**
                                       Sarah N. Westcot (*pro hac vice* app. forthcoming)
                                       2665 S. Bayshore Drive, Suite 220
                                       Miami, FL 33133
                                       Telephone: (305) 330-5512
                                       Facsimile: (305) 676-9006
                                       Email: swestcot@bursor.com

                                       *Attorneys for Plaintiff*